IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEONA BELLE MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:18-cv-588 |
| ) | |
| ASPEN TRACE SENIOR HOUSING ) | |
| PROPERTY LLC d/b/a ASPEN TRACE ) | |
| and CARDON & ASSOCIATES, INC. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY

1. Plaintiff, Leona Belle Matthews ("Ms. Matthews"), by counsel, brings this action against Defendants, Aspen Trace Senior Housing Property LLC d/b/a Aspen Trace ("Aspen Trace"), and CarDon & Associates, Inc. ("CarDon")(collectively the "Defendants"), alleging that Defendants violated her rights under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §2000e et seq.

## PARTIES

2. At all times relevant to this action, Ms. Matthews has resided within the Southern District of Indiana.

3. Defendant Aspen Trace Senior Housing Property LLC is an Indiana domestic limited liability company doing business within the Southern District of Indiana, Indianapolis Division, registered with the Indiana Secretary of State with its' principal office at 2749 East Covenanter

Drive, Bloomington, IN 47401. The particular location is at 3154 South SR 135, Greenwood, IN 46143.

4. Defendant CarDon & Associates, Inc. is a domestic corporation doing business within the Southern District of Indiana, Indianapolis Division, registered with the Indiana Secretary of State with its' principal office at 2749 East Covenanter Drive, Bloomington, IN 47401.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

6. Ms. Matthews was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

7. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

8. Ms. Matthews has satisfied her obligations to exhaust her administrative remedies, having filed one (1) Charge of Discrimination with the Equal Employment Opportunity Commission. The EEOC issued a 90-day right to sue notice to Ms. Matthews on November 30, 2017. See Exhibit A. She now timely files her Complaint.

9. Venue is proper in this Court because Ms. Matthews' cause of action arose in Indianapolis, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

10. Upon reasonable information and belief, CarDon owns and operates Aspen Trace, and at all times relevant to this action, Ms. Matthews was employed by CarDon and assigned by CarDon to work at Aspen Trace.

11. Ms. Matthews was hired by the Defendants in or about May 2014 as a licensed practical nurse ("LPN").

12. Sometime in June 2016, Ms. Matthews was promoted by her manager Kyra Cooke ("Ms. Cooke") to Defendants' position of Nurse Navigator.

13.     Ms. Cooke's title at that time was Director of Nursing.

14.     In mid-June 2016, shortly after Ms. Matthews' promotion, her manager Ms. Cooke ceased working for the Defendants and Defendants appointed a new Director of Nursing, Abby Huff ("Ms. Huff").

15.     Upon becoming the Director of Nursing, Ms. Huff became Ms. Matthews' manager in or around mid-June 2016.

16.     During December 2016, Ms. Matthews met with Ms. Huff and made an official complaint containing protected activity, namely she complained of racial discrimination in Defendants' workplace, specifically by Ms. Huff.

17.     On or about December 29, 2016, Ms. Matthews made another complaint to Defendants regarding the same.

18.     On or about December 31, 2016, Ms. Matthews followed up on her complaints to the Defendants and was told by them that her complaint could not be substantiated.

19.     On or about January 3, 2017, Ms. Matthews met with Defendants' administrator Mark Emerson and Defendants' human resources director regarding her complaints.

20.     During this meeting on or about January 3, 2017, Mr. Emerson told Ms. Matthews he would consider her complaints about Ms. Huff and the alleged racial discrimination in the workplace and respond directly to Ms. Matthews.

21.     Defendants' response to Ms. Matthews was a termination letter dated January 17, 2017 that was effective immediately.

22.     Defendants' termination letter, which was printed on CarDon letterhead, stated that Ms. Matthews was terminated because of the rising healthcare costs on the Defendants and need to make "adjustments" for financial stability.

23. Defendants' reason for terminating Ms. Matthews was pretextual and lacks a valid basis for termination.

24. Any reason given by Defendants for the adverse employment actions they took against Ms. Matthews are pretextual.

25. As a result of Defendant's unlawful conduct, Ms. Matthews has suffered and continues to suffer injuries and damages.

## CAUSE OF ACTION:

## COUNT I – RETALIATION – TITLE VII OF CIVIL RIGHTS ACT OF 1964

26. Ms. Matthews incorporates by reference paragraphs 1-25 of her Complaint as if the same were set forth at length herein.

27. Ms. Matthews engaged in protect activity under Title VII by reporting or otherwise filing an official complaint regarding racial discrimination in the workplace with the Defendant's human resources department.

28. Defendant retaliated against Ms. Matthews because Ms. Matthews reported or otherwise filed a complaint containing protected activity with the Defendant's human resources department.

29. Defendant's actions were intentional, willful, and done in reckless disregard of Ms. Matthews' rights as protected by Title VII.

30. Ms. Matthews has been injured as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff Leona Matthews, by counsel, respectfully requests that this Court find for her and order that Defendants:

31. Pay front pay and benefits to Ms. Matthews;

32. Pay lost wages and benefits to Ms. Matthews;

33. Pay compensatory and punitive damages to Ms. Matthews;

34. Pay pre- and post-judgment interest to Ms. Matthews;

35. Pay Ms. Matthews' reasonable attorney's fees and costs incurred in pursuing this matter; and

36. Provide to Ms. Matthews any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Respectfully submitted,

/s/Bradley C. Lohmeier
Bradley C. Lohmeier, #34098-49
Saeed & Little, LLP
1433 N. Meridian Street, Suite 202
Indianapolis, Indiana 46202
T: (317) 503-4978
E: bradley@sllawfirm.com